$7,250, with interest, and upon the expiration of the second note to pay $250 and interest, and the said Matton further agreed that Martin be allowed to renew said note every three months until the principal and interest were paid, and be allowed to pay the whole or any part of said note on any renewal day; that the boat has never been completed or delivered; that plaintiff accepted the note from the payees with full knowledge of the collateral agreement and that defendant on May 10, 1921, tendered to said Matton $250 in cash and a renewal note for $7,250 payable three months from the date thereof.

*John J. Mackrell* for appellant.

*John T. Norton* and *Eugene McLean* for respondent.

Judgment affirmed, with costs, on the ground that when the note fell due the maker did not tender plaintiff bank $250 and a renewal note for $7,250; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

A. C. WICKE MFG. Co., Respondent, *v.* CHARLES DINKEL et al., Appellants, Impleaded with Others.

*Liens — action to foreclose mechanic's lien — when cooler erected in leased premises at request of tenant a fixture.*

*Wicke Mfg. Co.* v. *Dinkel*, 200 App. Div. 869, affirmed.
(Submitted March 16, 1923; decided April 17, 1923.)

APPEAL from a judgment, entered March 2, 1922, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendants, appellants, entered upon the report of a referee and directing judgment in favor of plaintiff. The action was to foreclose a mechanic's lien for the cost of erecting a cooler in premises belonging to to defendants, appellants, at the request of a corporation, since bankrupt, but at that time a lessee and occupant of the store on the ground floor of the premises. The trial court found that the ice box was a trade fixture in ordinary use in any butcher business and that it was not incorporated into the freehold and was not intended to

be so incorporated, and that the defendants, the owners, did not consent to its erection. The findings of fact were overruled and reversed by the Appellate Division and new findings of fact and conclusions of law were made to the effect that the ice box was constructed with the consent of the owners of the fee, and was intended to and did become a fixture of the realty.

*George L. Stamm* for appellants.

*William F. Kimber* and *Alfred R. Bunnell* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

SAM STERN, Respondent, *v.* WILLIAM M. BARRETT, as President of the ADAMS EXPRESS COMPANY, Appellant.

*Carriers — action to recover money delivered to express company for transmission to foreign country, a receipt showing delivery to payee not having been returned to sender.*

*Stern* v. *Barrett*, 202 App. Div. 830, affirmed.

(Submitted March 16, 1923; decided April 17, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 14, 1922, which affirmed a determination of the Appellate Term affirming a judgment of the Municipal Court of the city of New York in favor of plaintiff. The complaint alleged that upon the 25th day of April, 1916, the plaintiff delivered to defendant the sum of $154 with instructions to transmit the said amount to one Stern Salomone, Szasoka, Beregmegye, and that thereafter, and about the 25th day of July, 1916, the plaintiff delivered to the defendant the sum of $67, with instructions to transmit the said moneys to the same person; that defendant undertook and guaranteed to transmit the amounts as aforesaid to the person aforementioned and to furnish the plaintiff with a receipt showing delivery of said moneys to the